UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

ESHA J.,

                        Plaintiff,

v.                                                                      5:24-CV-1101
                                                                        (GTS/MJK)

COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.


_____

APPEARANCES:                                          OF COUNSEL:

OLINSKY LAW GROUP                                HOWARD D. OLINSKY, ESQ.
  Counsel for Plaintiff
250 South Clinton Street - Suite 210
Syracuse, New York 13202

SOCIAL SECURITY ADMINISTRATION         VERNON NORWOOD, ESQ.
  Counsel for Defendant Commissioner
6401 Security Boulevard
Baltimore, Maryland 21235


GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

Currently before the Court, in this Social Security action filed by Esha J. ("Plaintiff")

against the Commissioner of Social Security ("Defendant" or "the Commissioner") pursuant to

42 U.S.C. § 405(g), are (1) the Report and Recommendation of United States Magistrate Judge

Mitchell J. Katz recommending that Plaintiff's motion for judgment on the pleadings be denied,

the Commissioner's motion for judgment on the pleadings be granted, and the Commissioner's

decision be affirmed, and (2) Plaintiff's objections to the Report and Recommendation.  (Dkt.

Nos. 13, 14.)  For the reasons set forth below, the Report and Recommendation is rejected in part

and adopted in part, Plaintiff's motion for judgment on the pleadings is granted, the

Commissioner's motion for judgment on the pleadings is denied, and the Commissioner's

decision is remanded for further proceedings consistent with this Decision and Order.

## I.      RELEVANT BACKGROUND

### A.      Magistrate Judge Katz's Report and Recommendation

Generally, in his Report and Recommendation, Magistrate Judge Katz determined that

the ALJ's RFC findings are supported by substantial evidence and that the ALJ's decision

contains no legal error.  (Dkt. No. 13.)

First, Magistrate Judge Katz determined that the ALJ properly supported his decision

which found NP Massara's opinion unpersuasive because (a) Plaintiff's mental status

examinations for the period after September 2023 are mostly benign and do not show the level of

significant impairment documented in NP Masara's opinion, (b) NP Massara's opinion that

Plaintiff had extreme limitations in 11 functional areas is inconsistent with the opinions of five

other medical providers who generally found no limitations or only mild limitations in some

functional areas (*i.e*., concentration, interacting with others, managing self), and (c) none of

those five other medical providers found claimant had extreme limitations in *any* functional area,

which is in direct conflict with NP Massara's opinion.  (*Id*.)  Such reasons are documented in the

ALJ's decision through his statement that he found NP Masara's opinion to be unpersuasive

during the relevant period because it was inconsistent with the contemporaneous normal mental

status examinations and with the other opinions. (*Id.*)  Magistrate Judge Katz also specifically

highlighted the fact that the ALJ found NP Masara's opinion unpersuasive only for the period

after September 11, 2023, a period during which NP Masara had not provided any treatment to Plaintiff.  (*Id.*)

Second, Magistrate Judge Katz determined that the ALJ properly complied with the Appeals Council's remand order and that his findings related to Plaintiff's substance abuse disorder were neither improper nor prejudicial to Plaintiff's claim because he considered the relevant evidence related to NP Masara's opinion (and indeed accepted most of that opinion for the pre-September 2023 period), and the fact that he rejected the portion of NP Masara's opinion stating that Plaintiff did not have a substance abuse problem based on her documented diagnosis of substance abuse disorder is not indicative of a failure to consider the evidence.  (*Id.*) Magistrate Judge Katz further found that, even if this Court were to find that the ALJ committed error in complying with the Appeals Council's order, any such error would be harmless because (a) Plaintiff has a treatment history for substance abuse disorder that is ongoing, (b) a finding of substance abuse disorder does not negatively impact her claim, and (c) Plaintiff has failed to show how any failure materially harmed her claim. (*Id*.)

Finally, Magistrate Judge Katz found that, even if this Court were to conclude that remand is warranted, Plaintiff's request to remand for a calculation of benefits should be rejected because the record evidence does not conclusively support a finding of disability. (*Id.*)

**B.      Plaintiff's Objections to the Report and Recommendation**

Generally, in her Objections to the Report and Recommendation, Plaintiff asserts that Magistrate Judge Katz erred in finding the ALJ's RFC finding was proper by overlooking the ALJ's failure to comply with the Appeals Council order and by employing post hoc

rationalizations and a selective review of the evidence to supplement the ALJ's deficient

reasoning.  (Dkt. No. 14.)  More specifically, Plaintiff asserts the following two arguments.

First, Plaintiff argues that the ALJ failed to comply with the Appeals Council's directive

to consider opposing evidence which consists of (a) mental health status exams which show that

Plaintiff presented with a mixed mood on at least four occasions, including at least one

examination where claimant was angry, irritable and defensive, (b) opinion evidence showing

more than moderate limitations in certain functional areas, and (c) two emergency room visits

for mental health treatment in late July and early August of 2023.  (*Id.*)  Plaintiff argues that,

taken together, this evidence suggests that she continued to suffer from mental health issues and

shows that she meets the minimum requirements for a finding of mental impairment. (*Id.*)

Second, Plaintiff argues that Magistrate Judge Katz erred in upholding the ALJ's

rejection specifically of the portion of NP Masara's opinion in which he indicated that Plaintiff

was not abusing substances during the time she experienced significant limitations because

"[n]othing in Dr. Power's testimony supported substance or alcohol use during the relevant time

period" and Magistrate Judge Katz has not explained how the ALJ's analysis complies with the

regulations.  (*Id.*)

## II.    APPLICABLE LEGAL STANDARD

A district court reviewing a magistrate judge's report and recommendation "may accept,

reject, or modify, in whole or in part, the findings or recommendations made by the magistrate

judge."  28 U.S.C. § 636(b)(1)(c).  Parties may raise objections to the magistrate judge's report

and recommendation, but they must be "specific written objections," and must be submitted

"[w]ithin 14 days after being served with a copy of the recommended disposition."  Fed. R. Civ.

P. 72(b)(2); *accord* 28 U.S.C. § 636(b)(1)(c).  "A judge of the court shall make a *de novo* determination of those portions of the [Report and Recommendation] . . . to which objection is made."  28 U.S.C. § 636(b)(1)(c); *accord* Fed. R. Civ. P. 72(b)(2).  "Where, however, an objecting party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error."  *Caldwell v. Crosset*, 09-CV-0576, 2010 WL 2346330, at * 1 (N.D.N.Y. June 9, 2010) (quoting *Farid v. Bouey*, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008)) (internal quotation marks omitted). Additionally, a district court will ordinarily refuse to consider an argument that could have been, but was not, presented to the magistrate judge in the first instance.  *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp. 2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

## III.    ANALYSIS

After carefully reviewing the relevant findings in this action, the Court finds that the ALJ's conclusion that substance abuse was material to Plaintiff's disability (and relatedly his rejection of NP Masara's assessment that Plaintiff was not using substances at the time he rendered his opinion in 2021) is not supported by substantial evidence.

Both of these findings hinge almost entirely on the testimony provided by reviewing

medical expert Raychel Powers, Psy.D.  In explaining her opinion that Plaintiff had no severe

impairments based on evidence of improvement in her symptoms in treatment records from 2023

and 2024, Dr. Powers' acknowledged that records from earlier showed that "there was a period

of time around early, around 2020 during which these symptoms appeared to worsen in her

ability to engage with everything would have been decreased as well," but Dr. Powers noted that

"also notable around that same time is the use of substances," and she opined that "the paranoid

symptoms that were described in those records, it's my understanding that it is more likely due

to the synthetic drug use and not at all related to an actual mental health condition of

schizophrenia spectrum disorder."  (Dkt. No. 8, Attach. 14, at 11-12.)  She also stated that,

during that period, "most of those treatment records were for substance treatment."  (*Id.* at 12.)

Based on her assessment of the evidence, she concluded that substance abuse was a material

contributing factor to Plaintiff's mental health symptoms in the period prior to September 11,

2023.  (*Id.* at 14-15.)

In finding that Plaintiff's substance abuse caused her to meet the requirements of Listing

12.15 for the period before September 11, 2023, the ALJ stated the following:

> Referring to Exhibits 1F and 4F, Dr. Powers testified that during the
> claimant's intense periods of anxiety and depression, her psychological
> symptoms worsened due to substance use.  For example, Dr. Powers noted
> that reference was made to schizophrenia spectrum disorder and PTSD,
> but the paranoid symptoms described in the records were more than likely
> related to the claimant's substance use and not a mental health condition.
> Further support for that position was the lack of evidence of continued
> psychotic symptoms in the record.  Dr. Powers noted that the record
> showed heavy substance use in 2015-2016 and that a suicide attempt and a
> psychiatric admission (See, e.g., Exhibit 17F), would be in keeping with
> the claimant's level of functioning while she was using substances.

6

(Dkt. No. 8, Attach. 8, at 10.)

Yet review of Exhibits 1F and 4F of the administrative transcript do not reveal any documentation of significant substance abuse during 2020 and 2021 in particular. To the extent Exhibit 1F mentions substance use at all (which it does not appear to), the Court notes that it spans from September 2019 through February 2020, which is before the alleged onset date of March 5, 2020. Similarly, the portion of Exhibit 4F containing treatment notes from Cornerstone Herkimer also do not include any reports or documentation that shows Plaintiff was using any relevant substances during the covered time span (which is from August 2020 through October 2020).[1] Exhibit 4F does contain treatment notes from Professional Counseling Chemical Dependency Center in which it is noted that Plaintiff attended that treatment "to focus on marijuana relapse prevention" starting March 6, 2020, until she was discharged on May 21, 2020. (Dkt. No. 8, Attach. 7, at 62.) In her intake paperwork for that provider, Plaintiff indicated that although she had used various other substances in the past (including most notably in 2015) the only ones which were in current use at that time were cannabis and nicotine. (Dkt. No. 8, Attach. 7, at 34.) There is one documentation of Plaintiff reporting a "relapse" in April in which she smoked marijuana on her birthday. (*Id.* at 77.) However, it was noted that, at the time of discharge, Plaintiff had "stable abstinence, as identified through self-report and random urine drug screens." (*Id.*) These exhibits therefore do not appear to support Dr. Powers' conclusion that Plaintiff had any significant or ongoing substance abuse during 2020 and 2021.

---

[1]     These treatment notes indicate that Plaintiff reported that she had used marijuana only rarely, with her last use in February 2020. (Dkt. No. 8, Attach. 7, at 56.)

Other exhibits also contradict that conclusion.  Plaintiff reported to consultative examiner Dr. Long that she last used cannabis in March 2020.  (Dkt. No. 8, Attach. 7, at 105.)  In various other treatment notes from later 2020 and 2021, it is indicated that she reported that she was not using any substances.  (Dkt. No. 8, Attach. 7, at 114, 120.)  Other mental health treatment notes from that time period (particularly those from her provider at iView) simply do not provide any indication that Plaintiff was engaging in any significant substance use even while continuing to experience various mental health symptoms, although it was noted in December 2020 that she had "occasional" use of marijuana "as a sleep aid" for insomnia, but her provider did not diagnose any substance use disorder based on that or any opinion that it was contributing to her mental health symptoms.  (*See generally* Dkt. No. 8, Attach. 7, at 177-233.)  Indeed, symptom increases were generally indicated by that provider to be related to the stressors Plaintiff was facing, lack of sleep, or whether Plaintiff was compliant with her medications or not.  (*Id.*)  In March 2021, that same provider noted that Plaintiff denied smoking marijuana or using any other drugs during a session in which she was noted to be feeling overwhelmed.  (Dkt. No. 8, Attach. 7, at 215.)  There is no evidence that she used cannabis or any other substance after December 2020, despite continuing to experience documented mental health symptoms, including paranoia.

Based on the Court's review of the evidence in the record, there appears to be no substantial basis for Dr. Powers' conclusion that Plaintiff's mental health symptoms from March 2020 through September 2023 were the product of substance abuse rather than her mental health impairments, particularly as Dr. Powers did not examine Plaintiff and

8

therefore had no evidence from which to formulate her opinion other than the relevant medical evidence discussed above.  Dr. Powers' repeated assertion that "most" or "many" of the treatment records from 2020 are related to substance abuse treatment is simply not accurate: Plaintiff received a wealth of other mental health treatment specifically related to her diagnosed PTSD, anxiety, and depression, and the only documented substance abuse treatment during the relevant period was for a span of approximately three months in the first half of 2020.  Further, Dr. Powers' assumption that symptoms of paranoia that are documented in the treatment notes particularly in 2020 and 2021 were caused by synthetic drug use is directly contradicted by the fact that the record documents that Plaintiff had not used synthetic drugs at any point during the relevant period.  (Dkt. No. 8, Attach. 7, at 34 [noting that she had last used those in 2015].)  And, again, given the fact that the record shows periods of abstinence from all substances during 2020 and 2021, Dr. Powers' opinion that Plaintiff was using substances consistently or to such a degree that it was causing her mental health symptoms during that period of time is simply not supported by any evidence.  As a result, the Court sees no manner in which her opinion (which, again, is the sole basis for the ALJ's materiality finding) can constitute substantial evidence to support the ALJ's overall conclusions.

Notably, the ALJ has provided no easily discernable basis for his choice to rely so heavily on Dr. Powers' opinions related to the pre-2023 period.  He merely states that, as to the issue of materiality of substance abuse, he finds it persuasive "to the extent that her findings are supported by and consistent with the totality of the evidence."  (Dkt. No. 8,

9

Attach. 8, at 11.)  Yet, as discussed above, her relevant findings are *not* consistent with

the evidence in almost any respect.  Because the ALJ does not address these issues but

instead merely adopts Dr. Powers' findings without any apparent close examination of

whether her opinion is actually consistent with the record, the Court finds that remand is

warranted for a further exploration of the issue of the materiality of substance use for the

period before September 11, 2023.

Plaintiff notably raised a challenge to the ALJ's reliance on Dr. Powers' opinion

related to the issue of substance abuse in his initial brief on the pending motions and

argued that such action erroneously affected his rejection of NP Masara's opinion that

Plaintiff did not have a substance abuse issue at the relevant time.  (Dkt. No. 9, at 19-21.)

Yet Magistrate Judge Katz appears to not have addressed the portion of those arguments

related to the sufficiency of Dr. Powers' opinion in the Report and Recommendation.

(Dkt. No. 13.)  As explained above, however, the Court finds merit in that unaddressed

argument.

The Court also respectfully disagrees with Magistrate Katz's finding that whether

or not the ALJ found the substance abuse disorder was material is irrelevant because

either path would lead to a finding that Plaintiff was not disabled given that, if substance

abuse is found to be not present, the ALJ's analysis related to the period after September

11, 2023, would suggest that she was not disabled at any point since the alleged onset

date.  However, the Court cannot simply assume that the ALJ would deem NP Masara's

opinion to be unpersuasive for the whole period under consideration were this case to be

remanded and he determined that substance abuse was not material; his rejection of NP

Masara's opinion in the previously vacated decision failed to account for a consideration

of certain abnormalities noted in the treatment record (and he would need to consider and

account for that evidence on remand when assessing the persuasiveness of NP Masara's

opinion for the pre-2023 period), and the ALJ will need to conduct a more thorough

assessment of precisely when and to what extent the record documents substance use and

the impact it had on Plaintiff's functioning when assessing any of the opinions.  In short,

there is no reason to believe that, just because the finding of materiality is not supported

by substantial evidence, Plaintiff's functioning for the period before September 2023

must automatically be assumed to be what it was found to be for the period after

September 2023; the evidence itself indicates that it was not.  As such, the fact that the

materiality finding here is not supported by substantial evidence is harmful error that

warrants remand.

For these same reasons, the Court also finds that the remand should be one for

further proceedings and not for calculation of benefits as Plaintiff requests.  There are

still factual assessments that need to be made, and the fact that the ALJ made certain

findings regarding the effect of Plaintiff's limitations during the period before September

11, 2023, does not mean that such findings are set in stone; indeed, the ALJ's decision

will be vacated and have no legal effect.  The Court notes that there are multiple opinions

in the record that do not support a finding of disability, and it will be the ALJ's

responsibility to weigh all those opinions while also conducting a proper and thorough

assessment of all of the relevant evidence.  This is not a case in which the evidence of

disability is so conclusive that the Court should usurp the Agency's fact-finding duties.

The Court therefore finds that remand for further proceedings is warranted in accordance with the above.  This remand shall be assigned to a different ALJ in accordance with Agency policy.[2]

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Katz's Report and Recommendation (Dkt. No. 13) is **REJECTED in part** and **ADOPTED in part**, as outlined above; and it is further

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 9) is **GRANTED**; and it is further

**ORDERED** that the Commissioner's motion for judgment on the pleadings (Dkt. No. 11) is **DENIED**; and it is further

**ORDERED** that the Commissioner's determination is **VACATED**; and it is further

**ORDERED** that this case is **REMANDED** pursuant to 42 U.S.C. § 405(g) for further administrative proceedings in accordance with this Decision and Order.

---

[2]     Although the Court has rejected the Report and Recommendation in finding remand to be warranted on the materiality issue, it nevertheless adopts the portion of that Report and Recommendation wherein Magistrate Judge Katz found that the ALJ's assessment of NP Masara's opinion related to the *post-September 11, 2023*, period is supported by substantial evidence.  The rationale provided by the ALJ for finding that opinion to be unpersuasive for that period clearly included a consideration of consistency with the benign medical evidence from that period as well as the other opinion evidence, and the failure to directly address the supportability factor is not error here because the record shows that neither NP Masara nor his office treated Plaintiff at any time after 2021, and thus there was no evidence to consider as to supportability relative to the period after September 11, 2023, specifically.  However, because the evidence from before that date (particularly from 2020 and 2021) documents greater mental health symptoms and is during the period when NP Masara was treating Plaintiff, the ALJ's analysis from the later period cannot be made to apply to the earlier period, thus requiring remand related to that earlier period as discussed in this Decision and Order.

Dated:    January 29, 2026
          Syracuse, New York

Glenn T. Suddaby
U.S. District Judge